UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TINA MORRIS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:13-cv-01303 SEB-TAB |
| | ) |
| CITY OF INDIANAPOLIS, INDIANA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MOTION FOR CLASS CERTIFICATION

**COME NOW** Plaintiffs and the putative class, by counsel, and respectfully request that the Court certify this cause as a class action pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure. In support of this Motion, the plaintiffs state as follows:

1. The named plaintiffs bring this action on their own behalf and on behalf of a class of persons similarly situated pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

2. The class is defined as follows:

   All persons soliciting contributions from pedestrians in the downtown area in Indianapolis – defined as the area south of North Street, north of South Street, east of West Street and west of East Street - and who are not engaged in panhandling as prohibited by Indiana Code § 35-45-17-1 or Indianapolis ordinances.

3. As defined, the class is so numerous that the joinder of all members is impracticable. Specifically, there are at least fifty (50) persons, and likely one hundred (100) or more, who currently fit within the class definition. And this does not include future class-members.

4. There are questions of law or fact common to the class, specifically:

- whether the efforts of the defendants to prevent plaintiffs' and the class's efforts to seek contributions violates the First Amendment.

5. The claims of the representative parties are typical of those of the class.

6. The representative parties will fairly and adequately represent the class.

7. The further requirements of Rule 23(b)(2) are met in that the parties opposing class certification have, at all times, acted and refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the class as a whole.

8. Undersigned counsel is skilled and experienced at this type of litigation, and should therefore be appointed as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

9. Contemporaneously with this filing, the plaintiffs are filing their memorandum of law, which is incorporated herein by reference.

**WHEREFORE**, the plaintiffs pray that this cause be certified as a class action with the class as defined above, and that they be granted all other proper relief.

/s/ Kenneth J. Falk
Kenneth J. Falk
No. 6777-49

/s/ Gavin M. Rose
Gavin M. Rose
No. 26565-53
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059  ext. 104
fax:  317/635-4105
kfalk@aclu-in.org
grose@aclu-in.org

Attorneys for Plaintiffs and the Putative Class

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served on the below named persons, by first-class U.S. postage, pre-paid, on this 19th day of August, 2013.

City of Indianapolis
c/o Office of the Mayor
2501 City-County Building
200 E. Washington St.
Indianapolis, IN 46204

Officer King
Indianapolis Metropolitan Police Department
50 N. Alabama Street
Indianapolis, IN 46204

Officers John Doe, John Doe II, Jane Doe
Indianapolis Metropolitan Police Department
50 N. Alabama Street
Indianapolis, IN 46204

                                                      /s/ *Gavin M. Rose*
                                                      Gavin M. Rose
                                                      Attorney at Law